UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN E BELL,

                    Plaintiff,

        v.

JEFF BERGLUND et al,

                    Defendants.

Case No. 3:25-cv-05544-TMC

ORDER DENYING MOTION TO DISMISS
AND EXTENDING TIME FOR SERVICE

## I.    INTRODUCTION

Self-represented Plaintiff Warren E. Bell filed this lawsuit in state court alleging that Defendants violated Washington state law and his federal constitutional rights when they impounded his car. Dkt. 1-2. Defendants Lakewood Police Department and Lakewood officers Jeff Berglund, Mike McGettigan, Charles Porche,[1] and Joshua Northcutt ("the Lakewood Defendants") removed the case to federal court. Dkt. 1. The Lakewood Defendants have now moved to dismiss, arguing as a threshold matter that the Court lacks personal jurisdiction because they were never properly served with the summons and complaint in the time allowed by Federal Rule of Civil Procedure 4(m). Dkt. 21. The Court agrees with the Lakewood

---

[1] Mr. Bell's complaint uses the spelling "Porsche." *See* Dkt. 1-2 at 4. The Court uses the spelling that appears in Defendants' filings. *See* Dkts. 1, 21.

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 1

Defendants that they have not been properly served, and therefore the Court does not have personal jurisdiction over them. But because Mr. Bell's efforts to complete service demonstrate excusable neglect, the Court will DENY the motion to dismiss and instead allow Mr. Bell one extension of 45 days in which to complete service on the Lakewood Defendants. If Mr. Bell does not provide proof of adequate service by Monday, May 4, 2026, the Court will immediately dismiss the claims against the Lakewood Defendants without prejudice.

There is also no evidence in the record that private Defendants Steve Kraft or Liberty Towing were ever properly served, or that Mr. Bell has continued efforts to serve them. The Court therefore also ORDERS Mr. Bell to show cause no later than Monday, May 4, 2026 why his claims against Steve Kraft and Liberty Towing should not be dismissed without prejudice for lack of service.

## II.    BACKGROUND

Mr. Bell filed this lawsuit in Pierce County District Court in May 2025. *See* Dkt. 1 at 1–2; Dkt. 1-2. He alleges that the Defendants impounded his car on June 5, 2024, without legal cause, violating his due process, Eighth Amendment, and Fourth Amendment rights as well as Washington law. *See generally* Dkt. 1-2. The Lakewood Defendants received a copy of the summons and complaint on or about May 29, 2025, and they removed the case to federal court on June 18, 2025. Dkt. 1 at 1. They have asserted since the notice of removal that service on the Lakewood Defendants was not proper. *Id.* at 2; *see also* Dkt. 4 at 2.

On June 25, 2025, the Court directed Mr. Bell to file a status report regarding his intent to serve the private defendants, Steve Kraft and Liberty Towing. Dkt. 5. The order warned Mr. Bell that "[i]f a defendant is not served within 90 days, the action against that defendant must normally be dismissed." *Id.* at 2. Mr. Bell responded with a document indicating he had attempted to serve Kraft and Liberty Towing by mail. Dkt. 7. The Court then issued another

order, explaining to Mr. Bell that "under Washington law, mailing a complaint and summons to Defendants Liberty Towing and Steve Kraft is not proper service, and that a complaint that is not properly served within 90 days of the filing of the complaint may be subject to dismissal." Dkt. 9. Mr. Bell then filed another status report saying: "I served the court document to Defendant – Liberty Towing Co. and Steve Kraft, hand delivery to a co-worker – Lynda Chudy on 5/29/2025." Dkt. 10 at 1.

Mr. Bell moved for the clerk to enter default against Kraft and Liberty Towing on July 15, 2025. Dkt. 14. The motion was not accompanied by any proof of service. The next day, the clerk denied the motion, explaining that "Plaintiff has not demonstrated that the summons and complaint were effectively served in accordance with Fed. R. Civ. P. 4(e)." Dkt. 15. Mr. Bell moved for default against Kraft and Liberty Towing again, relying on his affidavit that he handed the documents to "someone who identified to be the recipient co-worker and stated their name is: Lynda Chudy, 5/29/2025." Dkt. 18 at 3. The Court again denied the motion, explaining to Mr. Bell that under Federal Rule of Civil Procedure 4(b), he could not serve the complaint and summons himself because he is a party to the lawsuit, and that he must serve Mr. Kraft in a manner authorized by Rule 4(e) and Liberty Towing in a manner authorized by Rule 4(h). Dkt. 20. There is no further evidence in the record that Mr. Bell has attempted to serve these defendants or pursue his claims against them.

After more than 90 days had elapsed since removal of the case to federal court, the Lakewood Defendants moved to dismiss. Dkt. 21. As a threshold matter, they argued under Federal Rule of Civil Procedure 12(b)(5) that the complaint should be dismissed because Mr. Bell had never served the Lakewood Defendants in a manner consistent with Federal Rule of Civil Procedure 4. *Id.* at 6–7. They pointed out that Mr. Bell had only attempted to serve the Lakewood Defendants by handing a copy of the summons and complaint himself to a different

officer at the Lakewood Police Department, Community Service Officer Mike Miller. *Id.*; *see* Dkt. 12-1 at 66–67 (affidavit of service). Mr. Bell acknowledged in his response that he had attempted to complete service by providing the documents to Officer Miller, but he claimed to have "since retained a professional process server . . . [t]o ensure proper service and compliance with procedural rules." Dkt. 23 at 4.

The process server, however, attempted only to serve counsel for the Lakewood Defendants, who was not authorized to accept service. *See* Dkt. 26; Dkt. 27 at 2–3. Mr. Bell then filed two motions to allow alternate methods of service, which the Court denied because Mr. Bell had never shown that service could not be reasonably accomplished through the methods authorized by Rule 4. *See* Dkts. 25, 29, 32, 34. The Court encouraged Mr. Bell to consult the district's resources for pro se litigants, including the legal clinic provided by the Federal Bar Association, which could potentially provide further assistance navigating the rules for service. Dkt. 34. Two months later, Mr. Bell filed a declaration of service from a process server, who stated that on January 6, 2026 she had served "Notice of Appearance; Exhibit A, Exhibit B" upon Defendant Berglund by delivering a copy to the Lakewood Police Department, where a man named Kevin McClure said that he was authorized to accept the paperwork on Berglund's behalf. Dkt. 35.

### III.    LEGAL STANDARD

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 4

served in accordance with Fed. R. Civ. P. 4." (citation modified) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009))). To carry out this principle, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley*, 734 F.3d at 975 (quoting *Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). "However, neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). When faced with the choice between dismissing a complaint or allowing additional time for service, the Ninth Circuit has instructed district courts:

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.

*Id.* at 976 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." (internal quotation marks omitted) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998))).

"Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge*, 587 F.3d at 1192 (internal citations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). A district court must examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1192 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)). Whether the plaintiff is "represented by counsel" is also relevant. *See Efaw*, 473 F.3d at 1041.

Before dismissing a case on its own, rather than in response to a defendant's motion, a court must first give notice to the plaintiff and provide an opportunity for him to show good cause for his failure to effect timely service. *Crowley*, 734 F.3d at 975.

## IV.    DISCUSSION

First, the Court agrees with the Lakewood Defendants that they have not been properly served. Although it is undisputed that they received actual notice of the summons and complaint, the Court cannot find "substantial compliance" with Rule 4. *See Crowley*, 734 F.3d at 975. Mr. Bell's efforts at service have had multiple, fundamental errors: in May 2025, he attempted to personally serve the defendants himself, despite being a party to the litigation, and gave the documents to someone who lacked authorization to accept them for either the individual Defendants or the City; in October 2025, his process server attempted only to serve their counsel, who was also not authorized to accept service; and in January 2026, his process server attempted

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 6

to serve only one Defendant, and the proof of service does not identify the summons and complaint as the documents served. *See, e.g.*, Fed. R. Civ. P. 4(c)(1)–(2), (e)(2), (j)(2).

Second, the Court cannot find good cause that would require a mandatory extension of time. *See* Fed. R. Civ. P. 4(m). The Court has repeatedly attempted to point Mr. Bell toward the applicable subparts of Rule 4 and has encouraged him to seek out resources available to self-represented litigants to help them navigate the court rules. *See, e.g.*, Dkts. 5, 9, 15, 20, 34. Similarly, the Lakewood Defendants' notice of removal and motion to dismiss both explained how Mr. Bell could serve the City of Lakewood under Washington state law. *See* Dkt. 1 at 2; Dkt. 21 at 7. Mr. Bell, with sufficient diligence, likely could have completed service.

But the relevant Ninth Circuit precedent leads to the conclusion that Mr. Bell has shown excusable neglect, and therefore the Court will exercise its discretion to allow an extension of the time for service. *See Lemoge*, 587 F.3d at 1195–98. Mr. Bell's errors in service appear to be due to either carelessness or his lack of familiarity with court procedures as a self-represented litigant. Although the length of delay has been significant, there is no evidence that he has acted in bad faith; he has repeatedly tried to complete service either himself or through process servers.[2] And the risk of prejudice to the Lakewood Defendants is very low—it is undisputed that they have had actual notice of the lawsuit since the beginning, and Mr. Bell's claims remain within the statute of limitations and could be re-filed even in the event of dismissal. *See id.* at 1192; *Efaw*, 473 F.3d at 1041.

## V.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

---

[2] The Court also acknowledges its own delay in ruling on this motion due to the unprecedented volume of immigration habeas litigation in this District that began in the fall of 2025.

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 7

1. The Lakewood Defendants' motion to dismiss (Dkt. 21) is DENIED without prejudice to refiling the Rule 12(b)(6) arguments if service of process is completed and the Court gains personal jurisdiction over the defendants.

2. Mr. Bell's time to serve the Lakewood Defendants is extended until May 4, 2026 under Rule 4(m).

3. Mr. Bell must also show cause no later than May 4, 2026 why his claims against Steve Kraft and Liberty Towing should not be dismissed without prejudice for lack of service.

4. The Court again encourages Mr. Bell to consult the Court's resources for self-represented litigants at https://www.wawd.uscourts.gov/representing-yourself-pro-se. To the extent he wishes to seek assistance with this matter, Mr. Bell may also contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

5. If Mr. Bell qualifies and applies for *in forma pauperis* status, he may also ask the Court to assist him with service under Rule 4(c)(3).

6. If Mr. Bell does not either provide adequate proof of service on the Lakewood Defendants or show he is entitled to proceed *in forma pauperis* by May 4, 2026,

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 8

the Court will immediately dismiss the claims against the Lakewood Defendants without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE - 9