UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARREN E. BELL,<br><br>Plaintiff,<br><br>v.<br><br>JEFF BERGLUND, et al.,<br><br>Defendants. | Case No. 3:25-cv-05544-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. ORDER

Self-represented Plaintiff Warren E. Bell filed this lawsuit alleging that Defendants violated Washington State law and his federal constitutional rights when they impounded his car. Dkt. 1-2. Defendants Lakewood Police Department and Lakewood officers Jeff Berglund, Mike McGettigan, Charles Porche, and Joshua Northcutt (Lakewood defendants) previously moved to dismiss for lack of personal jurisdiction based on improper service as a threshold matter. Dkt. 21. The Court denied the motion and granted Bell a 45-day extension to properly serve Lakewood defendants. Dkt. 36 at 1–2. The record shows Bell has not complied with service requirements. Dkt. 40 at 1. Lakewood defendants now renew their motion and request dismissal with prejudice. Dkt. 45 at 2.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citation omitted)).

Federal Rule of Civil Procedure 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." To properly serve a local government, the plaintiff must deliver the summons and complaint to the city's chief executive officer or comply with the state's service law. Fed. R. Civ. P. 4(j)(2). Under Washington law, a plaintiff filing an action against a city such as Lakewood must serve the summons "to the mayor, city manager, or . . . to the mayor's or city manager's designated agent or the city clerk thereof." RCW 4.28.080(2). The individual defendants must be served in compliance with Rule 4(e) by following state law for service on an individual, completing personal service, leaving a copy at the individual's dwelling with a person of suitable age and discretion, or delivering a copy to an agent authorized by law to receive service. Fed. R. Civ. P. 4(e). If the plaintiff does not timely comply with all service requirements, the complaint must be dismissed without prejudice. Fed. R. Civ. P. 4(m).

The Court previously determined that Bell did not comply with Rule 4. Dkt. 36 at 6–7. The Court provided Bell with an extension and resources for getting help to comply with service requirements. *Id*. at 8. It also warned him that noncompliance would result in dismissal *without* prejudice. *Id.* at 8–9. Here, Bell arranged for the Pierce County Sheriff's Office to complete the service. Dkt. 40 at 1–4. However, on April 14, 2026, the process server gave the summons and

complaint to Officer Jack Johnson, an officer with the Lakewood Police Department. *Id*. at 1. Because he is not a designated agent for the defendants in this matter, the service was inadequate for the Court to have personal jurisdiction over Lakewood defendants. They again moved to dismiss for lack of personal jurisdiction, Dkt. 45, and Bell did not respond to the motion. *See* W.D. Wash. Loc. Civ. R. 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

The Court concludes that Bell failed to serve the Lakewood defendants despite multiple chances to do so and guidance by the Court. The Court therefore lacks personal jurisdiction over the Lakewood defendants, and the case must be dismissed against those defendants without prejudice. Fed. R. Civ. P. 4(m). Although the Lakewood defendants have requested dismissal *with* prejudice and have argued for dismissal on the merits of the claims, the Court cannot rule on the merits if it lacks personal jurisdiction. *Crowley*, 734 F.3d at 974. If the Lakewood defendants wanted a decision on the merits of the claims, their counsel could have accepted service of the complaint, as Bell repeatedly asked them to do.

The Lakewood defendants' motion to dismiss (Dkt. 45) is GRANTED because the Court lacks personal jurisdiction over those defendants. All claims against the Lakewood defendants—the only remaining defendants in the case—are DISMISSED WITHOUT PREJUDICE. The Court will enter judgment and close the case.

Dated this 22nd day of October, 2026.

Tiffany M. Cartwright
United States District Judge